Brown v. Greenfield, et al.          CV-00-359-M    03/01/01
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Julie Brown, m/n/f of
Christopher B.,
      Plaintiff

      v.                                    Civil No.   00-359-M
                                            Opinion No. 2001 DNH 039
Town of Greenfield, Gary
Gagnon, Mitchell Foster,
Peterborough Transcript, and
Monadnock Ledger,
      Defendants


                            **O R D E R**


      Julie Brown brings this suit for damages[1] on behalf of her

minor son claiming, _inter_ _alia_, that the Monadnock Ledger and the

Peterborough Transcript (the newspapers) caused her son harm when

they violated N.H. Rev. Stat. Ann. (RSA) ch. 169-B:37, which

makes it unlawful for the media to publish or broadcast

identifying information about minors who are arrested.  The

Monadnock Ledger moves to dismiss, pursuant to Fed. R. Civ. P.

12(b)(6), for failure to state a claim upon which relief may be

_____

      [1]Plaintiff initially filed a writ in Hillsborough County
Superior Court.  Defendants removed the case pursuant to 28
U.S.C. § 1441.

granted (document no. 5).  The Peterborough Transcript joins in the Monadnock Ledger's motion (document no. 10).

## Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579 (D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

## Factual Background and Discussion

In October of 1999, plaintiff's son, who was sixteen years old at the time, was arrested and charged with violating three Greenfield town ordinances.  The Monadnock Ledger and the

Peterborough Transcript, two local newspapers, disclosed the arrest and published the boy's name and address, as well as the offenses charged.

Plaintiff's claim here is based on the newspapers' alleged violation of RSA 169-B:37, which makes it unlawful to publish or broadcast "the name or address or any other particular information serving to identify a juvenile arrested, without the express permission of the court." RSA 169-B:37(I) (Supp. 2000) (effective Aug. 9, 1996). In arguing for dismissal, the newspapers say that, even assuming RSA 169-B:37 applies to their conduct,[2] no private cause of action exists under that statute that would permit plaintiff (or her son) to recover civil damages for its violation.

In Marquay v. Eno, 139 N.H. 708, 713-15 (1995), the New Hampshire Supreme Court described the appropriate analysis for determining whether a state law gives rise to a private right of action. The first matter to be considered is whether plaintiff's asserted cause of action exists in common law. Id. at 714. If it does, a private suit may be asserted, usually in negligence,

_____

[2] Defendants maintain that their conduct falls within a statutory exception and, therefore, they did not violate the statutory prohibition.

with the statutorily imposed duty serving as the accepted standard of reasonable care (assuming plaintiff is in the class the legislature intended to protect, and the alleged harm is the kind intended to be prevented by the statute). Id. at 714-15; see Bob Godfrey Pontiac, Inc. v. Roloff, 630 P.2d 840, 844-45 (Or. 1981) (cited with approval in Marquay). If the asserted cause of action does not exist in common law, a statutory violation will not give rise to civil liability, unless the legislature intended to create a private right and expressed that intent either directly or by clear implication. Marquay, 139 N.H. at 714.

Here, plaintiff correctly concedes that the common law of New Hampshire imposes no obligation on newspapers to refrain from printing accurate identifying information about minors. And, plaintiff does not suggest any "special relationship" between the newspapers and her son that might give rise to a special duty on their part to protect him. Plaintiff also concedes that the only penalty provided by the legislature for violation of RSA 169-B:37 is found in RSA 169-B:38, which states, in pertinent part, that "[t]he publisher of any newspaper . . . who violates any provision of RSA 169-B:37 shall be guilty of a misdemeanor."

4

That is, the legislature did not expressly create a private right of action to recover civil damages for its violation.

So, the dispositive question is whether the legislature, by implication, created a private cause of action under RSA 169-B:37. The statute provides no apparent basis for implying such an intent, see Marquay, 139 N.H. at 713-15; Hickingbotham v. Burke, 140 N.H. 28, 30 (1995) (refusing to imply private cause of action for violating law prohibiting sale of alcohol to persons under 21 years of age), and plaintiff points to no legislative history, or judicial construction, suggesting an intent by the legislature to create a private cause of action. The legislature's failure to specifically preclude private causes of action is, of course, not sufficient to imply an intent to create one, and the legislature's general intent to protect children does not imply an intent to create a private right to sue. See e.g., Marquay at 713.

The Supreme Court declined to recognize private civil liability based upon a general protective statute in Marquay absent clear legislative intent, because such a course would "represent a sharp break from the common law." Id. at 715-16. Because recognition of civil liability in this case would

5

similarly constitute a "sharp break from the common law," and indeed would establish a private right of action that New Hampshire's Supreme Court would likely not recognize, the court finds that RSA 169-B:37 does not create or give rise to a private right of action for its violation.

## Conclusion

For these reasons, plaintiff cannot maintain a cause of action against the Monadnock Ledger and the Peterborough Transcript for violation of RSA 169-B:37. Accordingly, the Monadnock Ledger's motion to dismiss (document no. 5), joined by the Peterborough Transcript (document no. 10), is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 1, 2001

cc: William E. Aivalikles, Esq.
    John P. Sherman, Esq.
    John J. Cronin, III, Esq.
    William L. Chapman, Esq.

6